liAMY, Judge.

MOTION TO DISMISS

Little Teche Farms and Louisiana Worker’s Compensation Corporation, defendants-appellees, have filed a motion to dismiss the appeal of Paul Young, Jr., plaintiff-appellant, on the basis of untimeliness.
The judgment dismissing claimant’s case was signed on August 3, 1995. Notice of judgment was sent by the Office of Workers’ Compensation on August 10, 1995. Plaintiff-appellant’s letter, in which he requested an appeal, was filed on October 18, 1995. The hearing officer signed an order granting plaintiff-appellant’s request for an appeal. This motion to dismiss was filed on February 26,1996.
Appellees assert the delay for applying for a new trial should not be included in the calculation of the delay for taking an appeal as the Office of Workers’ Compensation Hearing Officer Rules, Section 2115, provides that no motion for new trial will be entertained by the Office of Workers’ Compensation Courts. This court agrees.
|2La.R.S. 23:1310.5B was amended by 1995 La.Acts No. 348 to read as follows.
The decision of the hearing officer shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall not be entertained in disputes filed under this Chapter.
The 1995 amendment was effective on June 16, 1995. The amendment applies to the instant case as the judgment in this case was rendered and signed subsequent to the effective date of the amendment.
Applying La.R.S. 23:1310.5B, the delay for filing a devolutive appeal is sixty days, and the period commences on the day after notice of judgment is mailed by the Office of Workers’ Compensation. Judgment in the *1111 instant case was signed on August 3, 1995. Notice of the signing of said judgment was mailed by the Office of Workers’ Compensation on August 10,1995. The delay for filing a devolutive appeal commenced on August 11, 1995, and expired on October 9, 1995. The motion for appeal was filed on October 18, 1995. The motion was not timely filed. Accordingly, defendants-appellees’ motion to dismiss the appeal is granted.

MOTION GRANTED. APPEAL DISMISSED.